GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255 - 6310
Facsimile:  (408) 255 - 6350

Attorneys for Defendant
JOHN SCHROM

THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QPID.ME, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN SCHROM, an individual, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 13CV0583 IEG NLS<br><br>REPLY IN SUPPORT OF JOHN SCHROM'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 AND MOTION TO DISMISS<br><br>Date:        July 8, 2013<br>Time:        10:30 a.m.<br>Courtroom: 4D<br>Judge:       Hon. Irma E. Gonzalez |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................... 1

II. THE ANTI-SLAPP SPECIAL MOTION
TO STRIKE SHOULD BE GRANTED ................................................. 1

   A. The Motion Has Satisfied Its Threshold Burden Of Showing That Each Of The Claims In The Complaint Falls Within The Ambit Of The Anti-SLAPP Statute ............................................ 1

   B. The Opposition Does Not Satisfy Its Burden Of Making An Evidentiary Showing Of Merit ................................ 2

      1. Claims Related To Purported Disclosures of Trade Secrets And Confidential Information On Schrom's Blog Lack Merit ................................ 2

      2. The Opposition Cannot Avoid Dismissal By Adducing Evidence Of The Merits Of The Unprotected Claims ........................................ 3

III. THE 12(B)(6) MOTION TO DISMISS SHOULD BE GRANTED ...... 5

   A. The First Count, For Declaratory Relief, Is Superfluous ................. 6

   B. The Second Count, For Misappropriation Of Trade Secrets, Fails To State A Claim .......................................... 6

   C. The Third Count, For Unjust Enrichment, Fails To State A Claim .................................................. 7

   D. The Fourth Count, For Breach of Contract, Fails To State A Claim .................................................... 8

   E. The Fifth Count, For Breach Of The Implied Covenant of Good Faith and Fair Dealing, Fails To State A Claim .......................................... 8

   F. The Sixth Count, For Fraud, Fails To State A Plausible Claim For Fraud With The Particularity Required By Rule 9(b) ........................................... 9

   G. The Opposition Concedes That The Seventh Count, For Tortious Interference With Contractual Relationships, Fails To State A Claim ....................... 10

# TABLE OF AUTHORITIES

## CASES

Page

*Agency Solutions.com LLC v. The Trizetto Group, Inc.*
   819 F. Supp. 2d 1001 (E.D. Cal. 2011) .................................................. 3

*California Medical Association, Inc.*
   *v. Aetna U.S. Healthcare of California, Inc.*
   94 Cal. App. 4th 151 (2001) ................................................................... 8

*Careau & Co. v. Security Pacific Business Credit, Inc.*
   222 Cal. App. 3d 1371 (1990) ............................................................ 8, 9

*Celador International Ltd., v. The Walt Disney Co.*
   347 F. Supp. 2d 846 (C.D. Cal. 2004) .................................................. 9

*City of Colton v. Singletary*
   206 Cal. App. 4th 751 (2012) ................................................................ 4

*Custom Led, LLC v. Ebay*, Inc.
   No. C 12-00350 SI, 2012 U.S. Dist. LEXIS 72721
   (N.D. Cal. May 24, 2012) ...................................................................... 7

*Davis v. Capital Records, LLC*
   Case No. 12-cv-1602 YGR, 2013 U.S. Dist. LEXIS 55917
   (N.D. Cal. Apr. 18, 2013) ....................................................................... 6

*Durell v. Sharp Healthcare*
   183 Cal. App. 4th 1350 (2010) .............................................................. 8

*Farhang v. Indian Institute of Technology*
   No. C-08-02658 RMW, 2010 U.S. Dist. LEXIS 53975
   (N.D. Cal. June 1, 2010) ........................................................................ 7

## **TABLE OF AUTHORITIES (con't)**

### **CASES (con't)**

Page

*In re Facebook Privacy Litig.*
    791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................. 7

*Kwikset Corp. v. Superior Court*
    51 Cal. 4th 310 (2011) ........................................................................................ 3

*Mann v. Quality Old Time Service, Inc.*
    120 Cal. App. 4th 90 (2004) ............................................................................... 5

*Oasis West Realty, LLC v. Goldman*
    51 Cal. 4th 811 (2011) ........................................................................................ 5

*Pellerin v. Honeywell Int'l, Inc.*
    877 F. Supp. 2d 983 (S.D. Cal. 2012) .............................................................. 6, 8

*Premier Innovations, Inc. v. IWAS Indus., LLC*
    Case No. 07cv1083 BTM (BLM), 2007 U.S. Dist LEXIS 72755
    (S.D. Cal. Sept. 28, 2007) ................................................................................... 7

*Richardson v. Reliance Nat'l Indemnity Co.*
    No. C 99-2952 CRB, 2000 U.S. Dist. LEXIS 2838
    (N.D. Cal. Mar. 14, 2000) ................................................................................. 10

*Sensible Foods, LLC v. World Gourmet, Inc.*
    Case. No. 11-2819 SC, 2011 U.S. Dist. LEXIS 127397
    (N.D. Cal. Nov. 3, 2011) .................................................................................... 8

*Silvaco Data Systems v. Intel Corp.*
    184 Cal. App. 4th 210 (2010) ............................................................................. 3

*SOAProjects, Inc. v. SCM Microsystems, Inc.*
    Case No. 10-CV-01773-LHK, 2010 U.S. Dist. LEXIS 133596
    (N.D. Cal. Dec. 7, 2010) ..................................................................................... 7

**TABLE OF AUTHORITIES (con't)**

**CASES (con't)**

Page

*Streamcast Networks, Inc. v. Ibis LLC*
    Case No. CV 05-04239 MMM (Ex), 2006 U.S. Dist. LEXIS 97607
    (C.D. Cal. May 3, 2006) .................................................................................. 6

*Taus v. Loftus*
    40 Cal. 4th 683 (2007) ............................................................................... 4, 5

**STATUTES**

California Code of Civil Procedure
    § 425.16 ................................................................................................... 1

**FEDERAL RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    § 8 ............................................................................................................ 7
    § 9(b) ................................................................................................... 9, 10
    § 12(B)(6) ............................................................................................. 1, 5

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## I. INTRODUCTION

Defendant John Schrom ("Schrom")'s Special Motion to Strike and Motion to Dismiss ("Motion" or "Mot.") should be granted.

Plaintiff Qpid.me, Inc. ("Qpid.me")'s Opposition ("Opposition") concedes that Schrom's blog postings are constitutionally-protected acts that fall within the ambit of the Anti-SLAPP statute. Schrom's protected First Amendment activity is more than "merely incidental" to each and every count in the Complaint.

The Opposition fails to satisfy its burden of showing that its claims against Schrom's protected activity have merit. The Opposition contends that Schrom improperly disclosed Qpid.me's "concept" of "crowdsourcing" health care providers that do not comply with HIPAA. But this "concept" cannot be found anywhere in the Complaint or in Schrom's blog. Moreover, it is black letter law that a concept, idea, design feature or function cannot be a trade secret.

Furthermore, the Complaint should be dismissed for failure to state a claim in compliance with Rule 12(b)(6). Each and every one of the counts is deficient for the reasons stated herein as well as in the Motion.

## II. THE ANTI-SLAPP SPECIAL MOTION TO STRIKE SHOULD BE GRANTED

### A. The Motion Has Satisfied Its Threshold Burden Of Showing That Each Of The Claims In The Complaint Falls Within The Ambit Of The Anti-SLAPP Statute

The Opposition concedes that the Motion has satisfied its threshold burden of showing that the Complaint's Second, Fourth, Fifth, Sixth and Seventh counts are directed against conduct "in furtherance of the defendant's right of petition or free speech . . . ." Cal. Code Civ. P. § 425.16.

The Opposition argues that the First count, for declaratory relief, does not fall within the ambit of the Anti-SLAPP statute because "Schrom's blog post is merely mentioned in passing . . . ." Opp. at 8. But the First count seeks a declaration that Schrom was not entitled to any wages because he breached his

1
REPLY RE: MOTION TO STRIKE & DISMISS Case #: 13CV0583 IEG NLS

employment contract by, *inter alia*, posting Qpid.me's trade secrets on his blog. Compl. ¶ 23. The protected conduct is one of the predicate acts for the declaratory relief claim.

The Opposition also argues that Schrom's blog post is "immaterial" to the Third count. Opp. at 8. But the gravamen of the claim is essentially the same as Qpid.me's breach of contract or declaratory relief claims, *i.e.*, that it would be unjust for Schrom to retain his wages because he breached his employment contract by, *inter alia*, posting Qpid.me's trade secrets on his blog.

### B. The Opposition Does Not Satisfy Its Burden Of Making An Evidentiary Showing Of Merit

#### 1. Claims Related To Purported Disclosures of Trade Secrets And Confidential Information On Schrom's Blog Lack Merit

The Opposition has not satisfied its burden of showing that Qpid.me's purported claims associated with Schrom's alleged disclosure of trade secrets and confidential information in the "Hacking HIPAA" article have merit.

The Declaration of Ramin Bastani ("Bastani Decl.") states that the trade secret within "Hacking HIPAA" is a "concept and strategy to crowdsource non-complaint health care providers by generating HIPAA complaints directly from the website." Bastani Decl. ¶88-91. But the Complaint does not mention "crowdsourcing" health care provider complaints.

"Hacking HIPAA" does not say anything about "crowdsourcing" either. The article only says that a website could "automatically complete a HIPAA complaint on behalf of the patient." Declaration of John Schrom at Ex. 1.

The concept of a website that helps patients makes HIPAA complaints online is not a "secret." The U.S. Department of Health and Human Services operates a website that allows anyone to fill out the online HIPAA complaint form, and e-file it. Reply Request for Judicial Notice at Ex. A.

Furthermore, the federal Stage 2 Meaningful Use mandate specifically

2
REPLY RE: MOTION TO STRIKE & DISMISS Case #: 13CV0583 IEG NLS

contemplates the developments of website intermediaries to facilitate the federal requirement that health records providers give patients the ability to transfer their health records online.  Mot. at 17.

Moreover, the "concept" or "idea" of having a website that "crowdsources" HIPAA complaints is not a protectable trade secret as a matter of law.  "A patent protects an idea, i.e., an invention, against appropriation by others.  Trade secret law does not protect ideas as such."  *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 220-21 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011).

In *Agency Solutions.com LLC v. The Trizetto Group, Inc.*, the court rejected a similar attempt to claim that a concept or design feature was a trade secret for two distinct reasons.  819 F. Supp. 2d 1001 (E.D. Cal. 2011).  First, the court, citing *Silvaco*, held that "the idea of an interface between the front and back ends of the . . . programs is not a trade secret" and "[n]either are the conceptual notions that determine how the interface . . . will work."  *Id.* at 1016.  Second, the court held that "the features and functions, the business requirements and the high level design specifications that are incorporated into software and are evident in the operation of the software" were on especially weak ground because these concepts would be manifested to any software user.  *Id.* at 1017.

Qpid.me's trade secret claim fails for both of the reasons articulated in *Agency Solutions.com*.  The "concept" of a website that helps users file HIPAA complaints cannot be a trade secret.  And the features of Qpid.me's website cannot be a trade secret because they would be apparent to any website visitor.

### 2. The Opposition Cannot Avoid Dismissal By Adducing Evidence Of The Merits Of The Unprotected Claims

The Opposition contains lengthy allegations that Schrom violated Qpid.me's GIT repository, "broke" its platform and failed to perform his job duties.  But none of these are the constitutionally-protected activities at issue.

A plaintiff cannot defeat an Anti-SLAPP motion against protected activity by relying exclusively on evidence of unprotected activity. This would frustrate the purpose of the statute.

In *Taus v. Loftus*, the California Supreme Court held that it was proper to strike three acts alleged within a claim for which plaintiff had failed to satisfy its burden and preserve one remaining act for which the plaintiff had satisfied its burden. 40 Cal. 4th 683, 742 (2007). "*Taus* shows us that a portion of a cause of action may be stricken if it falls within the Anti-SLAPP protections." *City of Colton v. Singletary,* 206 Cal. App. 4th 751, 774 (2012).

The California Court of Appeal opinion in *Singletary* is directly on point. There, the plaintiff purported to bring a series of causes, each of which combined a constitutionally-protected act and an unprotected act. The court held that the Anti-SLAPP motion must be granted with respect to each of the protected acts:

> What should be the result of an anti-SLAPP motion when a combined, or mixed, cause of action includes one allegation of *unprotected* activity, in which the [plaintiff] *has* established a probability of prevailing, and a second allegation of protected activity, in which the cross-complainant *has not* established a probability of prevailing. We conclude that the [protected activity-related] allegations may be parsed from the causes of action and stricken, while the allegations related to nonprotected activity may remain as part of the complaint.

*Id.* at 772-73 (emphasis in original) (citing *Taus*).

The Court of Appeal expressly rejected the argument that the entire cause of action must be preserved if plaintiff succeeds in showing that a portion of it has merit because "it would permit plaintiffs to circumvent the anti-SLAPP statute by mixing causes of action." *Id.* at 774. The court cautioned that "all the plaintiff would have to do would be to show some modicum of merit to his claims based on *un*protected activity, and the trial court would never even have to look at the merit of the claims targeting protected activity." *Id.* (quotation

marks and citation omitted, emphasis in original).

The Opposition's reliance on *Mann v. Quality Old Time Service, Inc.*, is misplaced because the claim alleged was not a mixture of distinct acts. There, the plaintiff alleged that defendant made the same defamatory statements to both the government and to customers. The statements to the government were protected but the same statements to customers were not. 120 Cal. App. 4th 90, 107-08 (2004). In any event, *Taus* was issued subsequent to *Mann*.[1]

Here, the allegations regarding Schrom's blog postings are distinct from the allegations regarding the Git repository or Schrom's alleged failure to perform his employment duties. The only reason they are grouped in the same count is because Qpid.me chose to label them that way.

Moreover, the Opposition does not establish the legal or evidentiary sufficiency of its non-blog claims either, at least with respect to six out of seven of them. As is further described in the Motion, the First, Third and Fifth counts are legally deficient because they are barred by the breach of contract claim. The Second count, for misappropriation of trade secrets, is based solely on the blog posting. Compl. ¶ 31. Nothing in the Bastani Declaration makes a prima facie case for fraud, the Sixth count. Among other things, there is no evidence that any statement Schrom made was untrue at the time he made it or that it was made with fraudulent intent. Thus, even if this attempt to mix causes is given any effect, at most it would preserve only the Fourth count, for breach of contract.[2]

Schrom therefore respectfully submits that the Court should strike every count to the extent that it pertains to his purported disclosure of trade secrets or confidential information on his blog.

### III. THE 12(B)(6) MOTION TO DISMISS SHOULD BE GRANTED

---

[1] In *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011), the court cited *Mann* with approval. That statement, however, is *dicta* because the case did not involve any mixture of acts within a cause. *Oasis* does not even mention *Taus*, the only California Supreme Court case that addresses this issue square on.
[2] The Opposition concedes that the Seventh count has no merit.

### A. The First Count, For Declaratory Relief, Is Superfluous

The declaratory relief claim is superfluous because it seeks to resolve the same issues as the breach of contract claim. *See* Mot. at 19. The Opposition argues that the breach of contract claim seeks a return of wages that Qpid.me paid to Schrom over the last 18 months of his employment whereas the declaratory relief claim seeks a distinct determination that Qpid.me does not owe Schrom for two weeks of unpaid wages. Opp. at 18-19.

But if Schrom is liable for breaching the employment contract and must repay all of his wages, this is necessarily a finding that Qpid.me does not owe Schrom his last two weeks' worth of unpaid wages. Both *Streamcast Networks, Inc. v. Ibis LLC*, Case No. CV 05-04239 MMM (Ex), 2006 U.S. Dist. LEXIS 97607, at *9-14 (C.D. Cal. May 3, 2006), and *Davis v. Capital Records, LLC*, Case No. 12-cv-1602 YGR, 2013 U.S. Dist. LEXIS 55917, at *10-11 (N.D. Cal. Apr. 18, 2013), are distinguishable because plaintiffs there sought a declaration of the rights and responsibilities of the parties in an ongoing contractual relationship. Here, both the Complaint's breach of contract count and declaratory relief count are directed to liquidated damages over a past employment relationship. As the court noted in *Streamcast*, "[d]eclaratory relief . . . operates prospectively and is not intended to redress past wrongs." 2006 U.S. Dist. LEXIS 97607, at *9. Therefore, the First Count should be dismissed.

### B. The Second Count, For Misappropriation Of Trade Secrets, Fails To State A Claim

A plaintiff must plead "the existence of a trade secret" with sufficient particularity "to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012). The Opposition argues that courts have "routinely" allowed equally vague pleadings to survive. Opp. at 20. Each of the Opposition's cases, however, involved pleadings that described with greater specificity how the

information at issue was a secret.[3]  In fact, courts routinely reject complaints that do not allege the existence of a trade secret in greater detail than found in the Complaint.  *See, e.g., Farhang v. Indian Institute of Technology*, No. C-08-02658 RMW, 2010 U.S. Dist. LEXIS 53975, at *41 (N.D. Cal. June 1, 2010) (holding that "business models and implementations" was not a sufficient allegation of trade secret).  The Second Count must be dismissed because it alleges only that Schrom disclosed "business plans and strategies" and fails to plausibly allege the existence of a trade secret or give Schrom notice of what it is.

### C. The Third Count, For Unjust Enrichment, Fails To State A Claim

The Third Count, for unjust enrichment, must be dismissed because the Complaint alleges the existence of an express contract.  The Opposition argues that the plaintiff is merely trying to plead alternative theories of recovery under Rule 8 of the Federal Rules of Civil Procedure.  Opp. 21.

But even courts that recognize the existence of a stand-alone unjust enrichment claim, uniformly hold that Rule 8 does not permit a plaintiff to allege a claim for breach of contract and unjust enrichment in the alternative.  *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 718 (N.D. Cal. 2011)("Although Rule 8 of the Federal Rules of Civil Procedure allows a party to state multiple, even inconsistent claims, the rule does not allow a plaintiff invoking state law to assert an unjust enrichment claim while also alleging an express contract.");  *Custom Led, LLC v. Ebay, Inc.*, No. C 12-00350 SI, 2012 U.S. Dist. LEXIS 72721, at *15 (N.D. Cal. May 24, 2012) (holding that "stand alone or quasi-contract claims for unjust enrichment are generally not allowed" where the

---

[3] *SOAProjects, Inc. v. SCM Microsystems, Inc.*, Case No. 10-CV-01773-LHK, 2010 U.S. Dist. LEXIS 133596, at *28 (N.D. Cal. Dec. 7, 2010) (describing proprietary technical documents, white papers, strategies, pricing information, customer information and designs); *Premier Innovations, Inc. v. IWAS Indus., LLC*, Case No. 07cv1083 BTM (BLM), 2007 U.S. Dist LEXIS 72755, at *10 (S.D. Cal. Sept. 28, 2007) (describing design, manufacture, pricing, and market opportunity information).

"plaintiff alleges there is a valid and enforceable contract between the parties").[4]

The Complaint alleges an existence of an express contract. Therefore, the unjust enrichment claim must be dismissed.

### D. The Fourth Count, For Breach of Contract, Fails To State A Claim

The Fourth count is deficiently pled because it fails to allege the terms of the employment contract and fails to plausibly allege a breach. The Opposition argues that it is sufficient to allege the legal effect of the contract. Opp. at 21.

But the Complaint provides insufficient notice of the legal effect of the contract or how it was breached. For example, it alleges that Schrom disclosed confidential information without identifying the information or what contractual terms restricted the disclosure. *See Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d at 990 (dismissing contract claim for failure to describe confidential information or how its disclosure was restricted); *Sensible Foods, LLC v. World Gourmet, Inc.*, Case. No. 11-2819 SC, 2011 U.S. Dist. LEXIS 127397, at *15-17 (N.D. Cal. Nov. 3, 2011). Thus, this Count should be dismissed.

### E. The Fifth Count, For Breach Of The Implied Covenant of Good Faith and Fair Dealing, Fails To State A Claim

The Fifth Count should be dismissed because it is indistinguishable from the Fourth Count. Compare Compl. ¶ 48 with ¶ 52. The Complaint alleges purported breaches of the express terms of the contract but, other than those purported breaches, fails to allege any acts that frustrated Qpid.me's enjoyment of the benefits of the contract. It is black-letter law that "[a] breach of the implied covenant of good faith and fair dealing involves something more than breach of the contractual duty itself." *Careau & Co. v. Security Pacific Business*

---

[4] *Accord California Medical Association, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001) ("[A] quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights"); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("An unjust enrichment theory is inapplicable because [plaintiff] alleges the parties entered into express contracts.").

8
REPLY RE: MOTION TO STRIKE & DISMISS Case #: 13CV0583 IEG NLS

*Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990).  As the court explained in *Celador International Ltd., v. The Walt Disney Co.*, "the challenge brought by *Careau* and its progeny is to distinguish two claims based on the same facts.  If they cannot be distinguished, then the natural conclusion is that they are duplicative."  347 F. Supp. 2d 846, 853 (C.D. Cal. 2004).  There is no allegation of fact that Schrom acted in any way to frustrate Qpid.me's ability to receive the benefits of the employment contract, other than the alleged breach itself.  Therefore, the Fifth Count must be dismissed.

### F.  The Sixth Count, For Fraud, Fails To State A Plausible Claim For Fraud With The Particularity Required By Rule 9(b)

The Sixth count should be dismissed because the Complaint does not allege a plausible claim for fraud and does not allege the circumstances constituting fraud with sufficient particularity.  Mot. at 22-24.

The Opposition points to only one sentence in the Complaint, the allegation that Schrom "promised to complete the coding work necessary to build the software platform necessary to make the November 26, 2012."  Opp. at 24 (citing Compl. ¶ 55).  But where are the particularized allegations of context for this purported promise?  When were these statements made?  What was said, to whom, and in what medium?  How was each of the purported statements false?

The Complaint alleges that Qpid.me, in reasonable reliance on Schrom's alleged promises, "employed Schrom, paid him as promised and provided him with access to Qpid.me trade secrets and proprietary and confidential information."  Compl. ¶ 56.

This does not, however, plausibly describe fraud.  It is not plausible that Schrom, allegedly hired as an hourly employee in May 2011, promised at the time of hiring that he would build Qpid.me's software platform by November 26, 2012, 18 months in the future.  It is likewise not plausible that Qpid.me reasonably relied on such a promise from a new hire.  If there are contextual

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

details that would make this scenario believable, the Complaint omits them.

The most significant problem with the fraud claim is that the Complaint does not allege facts showing that Schrom's promise to complete the platform by November 2012 was false at the time it was made, in May 2011. *See Richardson v. Reliance Nat'l Indemnity Co.*, No. C 99-2952 CRB, 2000 U.S. Dist. LEXIS 2838, at *12-13 (N.D. Cal. Mar. 14, 2000) ("Rule 9(b) requires plaintiffs to plead facts establishing the falsity of a statement *at the time it is made*.") (emphasis in original). Any other rule would "eviscerate" the Rule 9(b) pleading requirements for promissory fraud because "every breach of contract would support a claim for fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise." *Id.* at *14.

Finally, the fraud claim is barred by the economic loss rule. Mot. at 24. The Opposition argues that "Schrom made repeated false promises after the Transition Agreement was entered into that he would complete Version 2 prior to November 26, 2012, and that he was working diligently." Opp. at 25. But none of these purported promises are alleged in the Complaint. The Opposition also argues that Qpid.me suffered reputational harm independent of any economic loss flowing from the employment contract. Again, this is not alleged.

Therefore, the Sixth count should be dismissed.

### G. The Opposition Concedes That The Seventh Count, For Tortious Interference With Contractual Relationships, Fails To State A Claim

The Opposition concedes that the Seventh Count fails to state a claim. Opp. at 7 n.3. Therefore, the Seventh Count should be dismissed.

Respectfully submitted,

Dated: July 1, 2013              GRELLAS SHAH LLP

                                 By: s/Dhaivat H. Shah
                                 Attorney for Defendant
                                 E-mail: ds@grellas.com