GRELLAS SHAH LLP
GEORGE GRELLAS, ESQ. (SBN 83540)
(gg@grellas.com)
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255 - 6310
Facsimile: (408) 255 - 6350

Attorneys for Defendant
JOHN SCHROM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QPID.ME, INC<br><br>Plaintiff,<br><br>v.<br><br>JOHN SCHROM, and individual, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 13-cv-0583-L (NLS)<br><br>DEFENDANT JOHN SCHROM'S ANSWER TO QPID.ME, INC.'S FIRST AMENDED COMPLAINT |

Defendant John Schrom ("Schrom" or "Defendant") answers the First Amended Complaint of plaintiff Qpid.me, Inc. ("Qpid.me" or "Plaintiff"), as follows:

1. Schrom admits the allegations in paragraph 1 of the First Amended Complaint.

2. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 2.

3. Schrom admits the allegations in paragraph 3 of the First Amended Complaint.

4. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 4.

5. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 5.

6. Schrom admits that he was employed in the state of California. The remaining averments of paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

7. The averments of paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

8. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 8.

9. Schrom admits that he was hired by Qpid.me in May 2011 and was initially paid by the hour. Schrom denies the remaining allegations of paragraph 9.

10. Schrom admits the allegations in paragraph 10 of the First Amended Complaint.

/ / /

/ / /

11. The averments of paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

12. Schrom admits that in or about December 2011, Schrom advised Qpid.me that he could no longer work full-time for Qpid.me. Schrom denies the remaining allegations of paragraph 9.

13. Schrom admits that he and Qpid.me entered into a Transition Agreement on or about January 3, 2012. Schrom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the First Amended Complaint and on that basis denies each and every remaining allegation in paragraph 13.

14. The averments of paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

15. Schrom admits that he was to be compensated by Qpid.me, in part, through payments of $4,000 per month under the Transition Agreement and that Qpid.me paid Schrom's premiums under Qpid.me's health plan for a period of time. The remaining averments of paragraph 15 are conclusions of law to which no response is required. To the extent a response is deemed required, the remaining averments of this paragraph are denied.

16. The averments of paragraph 16 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

17. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 17.

18. The interpretation of the Transition Agreement is a conclusion of law to which no response is required. To the extent a response is deemed required, any averments in this paragraph pertaining to the Transition Agreement are denied. Schrom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

18 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 18.

19. Schrom admits that Qpid.me source code was maintained in a Git repository. Schrom denies that he represented to Qpid.me that the company's platform would be completed by November 26, 2012. Schrom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 19.

20. Schrom denies each and every allegation in paragraph 20 of the First Amended Complaint.

21. Schrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint and on that basis denies each and every allegation in paragraph 21.

22. Schrom denies each and every allegation in paragraph 22 of the First Amended Complaint.

23. Schrom denies each and every allegation in paragraph 23 of the First Amended Complaint.

24. Schrom denies each and every allegation in paragraph 24 of the First Amended Complaint.

25. Schrom denies each and every allegation in paragraph 25 of the First Amended Complaint.

26. Schrom denies each and every allegation in paragraph 26 of the First Amended Complaint.

27. Schrom denies each and every allegation in paragraph 27 of the First Amended Complaint.

28. Schrom denies each and every allegation in paragraph 28 of the First Amended Complaint.

/ / /

/ / /

29. Schrom admits that Qpid.me terminated his employment on or about December 17, 2012. Schrom denies each and every remaining allegation in paragraph 29 of the First Amended Complaint.

30. Schrom denies each and every allegation in paragraph 30 of the First Amended Complaint.

31. Schrom admits that Qpid.me failed to, among other things, pay him his salary for his final two weeks of employment with Qpid.me, and that he demanded such payment from Qpid.me. Schrom denies each and every remaining allegation in paragraph 31 of the First Amended Complaint.

## FIRST CAUSE OF ACTION
(Declaratory and Injunctive Relief)

32. Schrom re-alleges and incorporates by reference his responses to paragraphs 1 through 31 of the First Amended Complaint as though set forth fully herein.

33. Schrom denies each and every allegation in paragraph 20 of the First Amended Complaint.

34. Schrom admits that he is owed further salary from Qpid.me. Schrom denies each and every remaining allegation in paragraph 35 of the First Amended Complaint.

35. Schrom denies each and every allegation in paragraph 36 of the First Amended Complaint.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

36. Schrom re-alleges and incorporates by reference his responses to paragraphs 1 through 35 of the First Amended Complaint as though set forth fully herein.

37. Schrom denies each and every allegation in paragraph 38 of the First Amended Complaint.

38. Schrom denies each and every allegation in paragraph 39 of the First Amended Complaint.

///

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1   39.   Schrom denies each and every allegation in paragraph 40 of the First Amended Complaint.

2   40.   Schrom denies each and every allegation in paragraph 41 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

(Breach of Contract)

41.   Schrom re-alleges and incorporates by reference his responses to paragraphs 1 through 40 of the First Amended Complaint as though set forth fully herein.

42.   The averments of paragraph 43 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

43.   The averments of paragraph 44 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

44.   Schrom denies each and every allegation in paragraph 45 of the First Amended Complaint.

45.   Schrom denies each and every allegation in paragraph 46 of the First Amended Complaint.

46.   Schrom denies each and every allegation in paragraph 47 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing)

47.   Schrom re-alleges and incorporates by reference his responses to paragraphs 1 through 46 of the First Amended Complaint as though set forth fully herein.

48.   The averments of paragraph 48 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

///

49. Schrom denies each and every allegation in paragraph 49 of the First Amended Complaint.

50. Schrom denies each and every allegation in paragraph 50 of the First Amended Complaint.

51. Schrom denies each and every allegation in paragraph 51 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

(Violation of California Penal Code § 502(c))

52. Schrom re-alleges and incorporates by reference his responses to paragraphs 1 through 51 of the First Amended Complaint as though set forth fully herein.

53. Schrom denies each and every allegation in paragraph 53 of the First Amended Complaint.

54. Schrom denies each and every allegation in paragraph 54 of the First Amended Complaint.

55. Schrom denies each and every allegation in paragraph 55 of the First Amended Complaint.

56. Schrom denies each and every allegation in paragraph 56 of the First Amended Complaint.

57. Schrom denies each and every allegation in paragraph 57 of the First Amended Complaint.

58. Schrom denies each and every allegation in paragraph 58 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

For further and separate affirmative defense to each purported cause of action in the Complaint, Schrom alleges as follows:

///

///

///

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The First Amended Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's claims are barred from recovery because of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Set-Off)

Should Plaintiff recover from Schrom, then Schrom is entitled to a set-off of any amounts found owing against sums owed by Plaintiff to Schrom.

## SEVENTH AFFIRMATIVE DEFENSE

(Privilege)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's claims are barred because Schrom's actions were and are privileged.

DEFENDANT JOHN SCHROM'S ANSWER TO QPID.ME, INC.'S FIRST AMENDED COMPLAINT
CASE NO. 13-cv-583-L (NLS)

### EIGHTH AFFIRMATIVE DEFENSE

(Justification)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's action is barred because Schrom acted reasonably, with justification and in good faith, based upon all known relevant facts and circumstances.

### NINTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiff cannot recover the damages alleged against Schrom in each cause of action in the First Amended Complaint because such alleged damages are speculative.

### TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff cannot recover the damages alleged against Schrom in each cause of action in the First Amended Complaint because such alleged damages are barred by the statute of limitations including but not limited to California Code of Civil Procedure §§ 337(1) & 338(d), and California Penal Code § 502(e)(5).

### ELEVENTH AFFIRMATIVE DEFENSE

(Contribution of Unnamed Third Parties)

Schrom is informed and believes, and on that basis alleges, that if Plaintiff sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties not named in the First Amended Complaint, thereby completely or partially barring Plaintiff's recovery therein.

### TWELFTH AFFIRMATIVE DEFENSE

(Uncertainty)

Schrom alleges that the First Amended Complaint, and each and every cause of action stated therein, is uncertain, and it is, therefore, impossible to determine from the First Amended Complaint how Plaintiff has suffered any damages as a proximate result of any act, error or omission on the part of Schrom.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

Plaintiff's request for damages must be denied because Plaintiffs cannot establish the requisite causal connection between Schrom's alleged conduct and Plaintiff's alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Direct Harm)

Plaintiff cannot prove that the conduct complained of in the First Amended Complaint caused Plaintiff's business direct harm.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Not Recoverable)

Schrom is informed and believe, and thereon allege, that Plaintiff has no right to a demand for judgment requesting punitive damages in that said demand is not supported by the allegations in the First Amended Complaint, and Schrom allege further that any such request of award would be barred by the Constitutions of the State of California and the United States.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Perform)

Schrom is informed and believes, and on that basis alleges, that Plaintiff's action is barred because Qpid.me failed to perform under the Transition Agreement and Confidentiality Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Schrom lacks sufficient knowledge or information upon which to form a belief as to whether there are additional, as yet unstated, affirmative defences available, and Schrom thus reserve the right to assert such additional affirmative defenses if they are discovered and deemed proper.

WHEREFORE, the Defendants respectfully request that the Court enter judgement as follows:

A. That Plaintiffs take nothing by reason of its Complaint and that judgment be rendered in favor of Schrom.

B. That Schrom be awarded his costs of suit incurred in defense of this action including reasonable attorneys' fees, according to proof at trial; and

C. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 21, 2014                    GRELLAS SHAH LLP

By:   /s/ Dhaivat H. Shah
Dhaivat H. Shah, Esq.
Attorneys for Defendant
JOHN SCHROM